SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MARK G. RACKERS, Cal. Bar No. 254242
ANNA JANE I. ZARNDT, Cal. Bar No. 327719
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
E mail    mrackers@sheppardmullin.com
           azarndt@sheppardmullin.com

Attorneys for Defendant
ESSEX PROPERTY TRUST, INC.[1]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS NORMAN, an individual; NICOLETTE COCHRAN, an individual; and ROES 1 through 100 inclusive,<br><br>         Plaintiffs,<br>  v.<br><br>ESSEX PROPERTY TRUST, INC., a Maryland Corporation; ESSEX PORTFOLIO, L.P., a California Limited Partnership; 95360 RESIDENCES, L.P., a California Limited Partnership; 500 FOLSOM, L.P., a California Limited Partnership; BAYPORT SERRANO ASSOCIATES, L.P., a California Limited Partnership; BELMONT AFFORDABLE PARTNERS, L.P., a California Limited Partnership; BEX FMCA, LLC, a Delaware Limited Liability Company; BEX II GP, LLC, a Delaware Limited Liability Company; BEX III GP, LLC, a Delaware Limited Liability Company; | Case No. **'23CV0348 TWR MSB**<br><br>(Removed from San Diego Superior Court Case No. 37-2022-00038519-CU-NP-CTL)<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441 AND 1446**<br><br>**(CLASS ACTION FAIRNESS ACT)**<br><br>State Complaint Filed: September 27, 2022 |

---

[1] While only Essex Property Trust, Inc. is removing this action, counsel is representing all Essex-related defendants in this action, herein described as the "Essex Entities" or as simply "Essex." Counsel is not representing (i) Bayport Serrano Associates, LP, (ii) SP/P Channel Point, LLC, and (iii) WCP Serrano, Inc. – which are not Essex-related.

| | |
|---|---|
| 1 | BEX IV GP, LLC, a Delaware Limited Liability Company; BEX PORTFOLIO, |
| 2 | LLC, a Delaware Limited Liability Company; BEXAEW ESPLANADE, |
| 3 | LP, a California Limited Partnership; BEXAEW GP, LLC, a Delaware |
| 4 | Limited Liability Company; BEXAEW PARKSIDE COURT, LP, a California |
| 5 | Limited Partnership; BEXAEW THE HAVENS, LP, a California Limited |
| 6 | Partnership; BRE-FMCA, LLC, a Delaware Limited Liability Company; |
| 7 | COURTYARDS AT 65TH, L.P., a California Limited Partnership; EMC |
| 8 | SPE, LLC, a Delaware Limited Liability Company; EMERALD |
| 9 | POINTE APARTMENTS, LLC, a Delaware Limited Liability Company; |
| 10 | ESSEX 500 FOLSOM, LLC, a Delaware Limited Liability Company; |
| 11 | ESSEX ANAVIA, L.P., a California Limited Partnership; ESSEX BELLA |
| 12 | VILLAGIO, L.P., a California Limited Partnership; ESSEX BELLERIVE, |
| 13 | L.P., a California Limited Partnership; ESSEX BERKELEY 4TH STREET, |
| 14 | L.P., a California Limited Partnership; ESSEX BEX III, LLC, a Delaware |
| 15 | Limited Liability Company; ESSEX BEXAEW, LLC, a Delaware Limited |
| 16 | Liability Company; ESSEX BLUFFS, L.P.,, a California Limited Partnership; |
| 17 | ESSEX BRIARWOOD, L.P., a California Limited Partnership; ESSEX |
| 18 | BRIDGEPORT, L.P., a California Limited Partnership; ESSEX BUENA |
| 19 | VISTA, LLC, a Delaware Limited Liability Company; ESSEX BUNKER |
| 20 | HILL, L.P., a California Limited Partnership; ESSEX CADENCE GP, |
| 21 | L.P., a Delaware Limited Partnership; ESSEX CADENCE OWNER, L.P., a |
| 22 | California Limited Partnership; ESSEX CAL-WA, L.P., a California Limited |
| 23 | Partnership; ESSEX CAMARILLO CORPORATION, a California Stock |
| 24 | Corporation; ESSEX CAMARILLO, L.P., a California Limited Partnership; |
| 25 | ESSEX CAMINO RUIZ APARTMENTS, L.P., a California |
| 26 | Limited Partnership; ESSEX CANYON OAKS APARTMENTS, L.P., a |
| 27 | California Limited Partnership; ESSEX CARLYLE, L.P., a California Limited |
| 28 | Partnership; ESSEX CATALINA |

| | |
|---|---|
| 1 | GARDENS, LLC, a Delaware Limited Liability Company; ESSEX |
| 2 | CHESTNUT APARTMENTS, L.P., a California Limited Partnership; ESSEX |
| 3 | CITY VIEW, L.P., a California Limited Partnership; ESSEX COCHRAN, L.P., |
| 4 | a California Limited Partnership; ESSEX COLUMBUS, L.P., a |
| 5 | California Limited Partnership; ESSEX DUBLIN GP, L.P., a Delaware Limited |
| 6 | Partnership; ESSEX DUBLIN OWNER, L.P., a California Limited |
| 7 | Partnership; ESSEX EMERYVILLE GP, L.P., a Delaware Limited |
| 8 | Partnership; ESSEX EMERYVILLE OWNER, L.P., a California Limited |
| 9 | Partnership; ESSEX ESPLANADE, L.P., a California Limited Partnership; |
| 10 | ESSEX FORM 15, L.P., a California Limited Partnership; ESSEX |
| 11 | FOUNTAIN PARK APARTMENTS, L.P., a California Limited Partnership; |
| 12 | ESSEX FOX PLAZA, L.P., a California Limited Partnership; ESSEX GAS |
| 13 | COMPANY LOFTS, L.P., a California Limited Partnership; ESSEX |
| 14 | GATEWAY MANAGEMENT, LLC, a California Limited Liability Company; |
| 15 | ESSEX HAMILTON, L.P., a California Limited Partnership; ESSEX HAVER |
| 16 | HILL, L.P., a California Limited Partnership; ESSEX HGA, LLC, a |
| 17 | Delaware Limited Liability Company; ESSEX HILLCREST PARK, L.P., a |
| 18 | California Limited Partnership; ESSEX HILLSBOROUGH PARK, L.P., a |
| 19 | California Limited Partnership; ESSEX HILLSDALE GARDEN |
| 20 | APARTMENTS, L.P., a California Limited Partnership; ESSEX |
| 21 | HUNTINGTON BREAKERS, L.P., a California Limited Partnership; ESSEX |
| 22 | HUNTINGTON ON EDINGER, L.P., a California Limited Partnership; ESSEX |
| 23 | JAYSAC TASMAN, L.P., a California Limited Partnership; ESSEX JMS |
| 24 | ACQUISITION, L.P., a California Limited Partnership; ESSEX JV, LLC, |
| 25 | a Delaware Limited Liability Company; ESSEX KIELY, L.P., a California |
| 26 | Limited Partnership; ESSEX KINGS ROAD, L.P., a California Limited |
| 27 | Partnership ESSEX LE PARC, L.P., a California Limited Partnership; ESSEX |
| 28 | LORRAINE, L.P., a California Limited |

| | |
|---|---|
| 1 | Partnership; ESSEX MANAGEMENT CORPORATION, a California Stock |
| 2 | Corporation; ESSEX MARBRISA LONG BEACH, L.P., a California |
| 3 | Limited Partnership; ESSEX MARINA CITY CLUB, L.P., a California Limited |
| 4 | Partnership; ESSEX MCC, LLC, a Delaware Limited Liability Company; |
| 5 | ESSEX MEADOWOOD, L.P., a California Limited Partnership; ESSEX |
| 6 | MERIDIAN, LLC, a Delaware Limited Liability Company; ESSEX |
| 7 | MIRABELLA MARINA APARTMENTS, L.P., a California |
| 8 | Limited Partnership; ESSEX MONARCH LA BREA |
| 9 | APARTMENTS, L.P., a California Limited Partnership; ESSEX |
| 10 | MONTEREY VILLAS, L.P., a California Limited Partnership; ESSEX |
| 11 | MONTEREY VILLAS, LLC, a Delaware Limited Liability Company; |
| 12 | ESSEX NBN SPE, LLC, a Delaware Limited Liability Company; ESSEX |
| 13 | NOHO APARTMENTS, L.P., a California Limited Partnership; ESSEX |
| 14 | PARK CATALINA, L.P., a California Limited Partnership; ESSEX PE |
| 15 | LOFTS, L.P., a California Limited Partnership; ESSEX PLEASANTON |
| 16 | GP, L.P., a Delaware Limited Partnership; ESSEX PLEASANTON |
| 17 | OWNER, L.P., a California Limited Partnership; ESSEX REGENCY |
| 18 | ESCUELA, L.P., a California Limited Partnership; ESSEX REXFORD, LLC, |
| 19 | a Delaware Limited Liability Company; ESSEX RILEY SQUARE, L.P., a |
| 20 | California Limited Partnership; ESSEX SAN FERNANDO, L.P., a California |
| 21 | Limited Partnership; ESSEX SAN RAMON PARTNERS L.P., a |
| 22 | California Limited Partnership; ESSEX SANTEE COURT, L.P., a California |
| 23 | Limited Partnership; ESSEX SKYLINE, L.P., a California Limited |
| 24 | Partnership; ESSEX SPE, LLC, a Delaware Limited Liability Company; |
| 25 | ESSEX SUMMERHILL PARK, L.P., a California Limited Partnership; ESSEX |
| 26 | THE COMMONS, L.P., a California Limited Partnership; ESSEX THE |
| 27 | POINTE, L.P., a California Limited Partnership; ESSEX THE WOODS, |
| 28 | L.P., a California Limited Partnership; |

| | |
|---|---|
| 1 | ESSEX TIERRA VISTA, L.P., a California Limited Partnership; ESSEX |
| 2 | TIFFANY COURT, LLC, a Delaware Limited Liability Company; ESSEX |
| 3 | TOLUCA LAKE, L.P., a California Limited Partnership; ESSEX |
| 4 | TOWNSHIP, L.P., a California Limited Partnership; ESSEX TREETOPS, L.P., |
| 5 | a California Limited Partnership; ESSEX VALLEY VILLAGE |
| 6 | MAGNOLIA, LLC, a Delaware Limited Liability Company; ESSEX |
| 7 | VISTA BELVEDERE, L.P., a California Limited Partnership; ESSEX |
| 8 | WALNUT GP, L.P., a Delaware Limited Partnership; ESSEX WALNUT |
| 9 | OWNER, L.P., a California Limited Partnership; ESSEX WARNER |
| 10 | CENTER, L.P., a California Limited Partnership; ESSEX WATERFORD, |
| 11 | L.P., a California Limited Partnership; ESSEX WESCO III, L.P., a California |
| 12 | Limited Partnership; ESSEX WESCO IV, LLC, a Delaware Limited Liability |
| 13 | Company; ESSEX WESCO V, LLC, a California Limited Liability Company; |
| 14 | ESSEX WESCO, L.P., a California Limited Partnership; ESSEX |
| 15 | WILSHIRE, L.P., a California Limited Partnership; FAIRHAVEN |
| 16 | APARTMENT FUND, LTD., a California Limited Partnership; GBR |
| 17 | PALMA SORRENTO LLC, a Delaware Limited Liability Company; GR |
| 18 | BLOCK B LLC, a Delaware Limited Liability Company; GR BLOCK C |
| 19 | LLC, a Delaware Limited Liability Company; JAPANTOWN |
| 20 | ASSOCIATES LLC, a Delaware Limited Liability Company; K-H |
| 21 | PROPERTIES, a California Limited Partnership; MONARCH BUENA |
| 22 | VISTA BORROWER, LLC, a Delaware Limited Liability Company; |
| 23 | MONARCH ESSEX SCRIPPS GP, LLC, a Delaware Limited Liability |
| 24 | Company; MONARCH ESSEX SCRIPPS, LLC, a Delaware Limited |
| 25 | Liability Company; NEW CENTURY TOWERS, LLC, a Delaware Limited |
| 26 | Liability Company; NEWPORT BEACH NORTH LLC, a Delaware |
| 27 | Limited Liability Company; PALM VALLEY ROLL-UP LLC, a Delaware |
| 28 | Limited Liability Company; PINE |

|    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                              |
|----|--|

1  GROVE APARTMENT FUND, LTD.,
   a California Limited Partnership; PPC
2  SAGE APARTMENTS MANAGER II
   LLC, a Delaware Limited Liability
3  Company; PPC SAGE LLC, a
   Delaware Limited Liability Company;
4  RICHMOND ESSEX, L.P., a California
   Limited Partnership; SAC REDWOOD
5  CITY APARTMENTS LLC, a
   Delaware Limited Liability Company;
6  SANTA CLARA SQUARE, LLC, a
   California Limited Liability Company;
7  SANTA MONICA AFFORDABLE
   PARTNERS, L.P., a California Limited
8  Partnership; SP/P CHANNEL POINT,
   L.L.C., a Delaware Limited Liability
9  Company; THE OAKBROOK
   COMPANY, an Ohio Limited
10 Partnership; VALLEY PARK
   APARTMENTS, LTD., a California
11 Limited Partnership; VILLA
   ANGELINA APARTMENT FUND,
12 LTD., a California Limited Partnership;
   WC BRIO APARTMENTS LLC, a
13 Delaware Limited Liability Company;
   WCP SERRANO, INC, a Delaware
14 Corporation; WESCO GP, LLC, a
   Delaware Limited Liability Company;
15 WESCO III BEX, LLC, a Delaware
   Limited Liability Company; WESCO
16 III GP, LLC, a Delaware Limited
   Liability Company; WESCO IV, LLC,
17 a Delaware Limited Liability Company;
   WESCO IV, LLC, a Delaware Limited
18 Liability Company; WESTERN
   MOUNTAIN VIEW II INVESTORS, a
19 California Limited Partnership;
   WESTERN RIVIERA INVESTORS, a
20 California Limited Partnership;
   WESTERN-SEVEN TREES
21 INVESTORS, a California Limited
   Partnership; and DOES 1 through 100,
22 inclusive,

23                 Defendants.

# TABLE OF CONTENTS

Page

I. STATUS OF PLEADINGS .................................................................................. 10

II. TIMELINESS OF REMOVAL .......................................................................... 11

III. CLASS ACTION FAIRNESS ACT ................................................................. 12

    A. The Proposed Class Contains At Least 100 Putative Class Members and There Are No State or Government Defendants ............ 13

    B. Minimum Diversity Of Citizenship Exists Here .................................. 13

    C. The Amount In Controversy Exceeds The $5,000,000 Requirement Under CAFA ................................................................... 14

IV. NOTICE TO PLAINTIFFS AND STATE COURT ......................................... 16

# TABLE OF AUTHORITIES

Page(s)

Cases

*Bridewell-Sledge v. Blue Cross*
   798 F.3d 923 (9th Cir. 2015) ................................................................. 13

*Chavez v. JPMorgan Chase*
   888 F.3d 413 (9th Cir. 2018) .................................................................. 16

*City of Clarksdale v. BellSouth Telecomms., Inc.*
   428 F.3d 206 (5th Cir. 2005) .................................................................. 11

*Coleman v. Estes Express Lines, Inc.*
   730 F. Supp. 2d 1141 (C.D. Cal. 2010) .................................................. 16

*Dart Cherokee Basin Operating Co., LLC v. Owens*
   135 S.Ct. 547 (2014) ..................................................................... 12, 13, 15

*Ehrman v. Cox Commc'ns, Inc.*
   932 F.3d 1223 (9th Cir. 2019) ................................................................ 15

*Fritsch v. Swift Transp. Co. of Ariz., LLC*
   899 F.3d 785 (9th Cir. 2018) .................................................................. 17

*Galt G/S v. JSS Scandinavia*
   142 F.3d 1150 (9th Cir. 1998) ................................................................ 17

*Greene v. Harley Davidson*
   2020 WL 3969285 (9th Cir. 2020) ......................................................... 17

*Henry v. Cent. Freight Lines, Inc.*
   692 F. App'x 806 (9th Cir. 2017) ........................................................... 15

*Ibarra v. Manheim Invs., Inc.*
   775 F.3d 1193 (9th Cir. 2015) ................................................................ 13

*Jordan v. Nationstar Mortg. LLC*
   781 F.3d 1178 (9th Cir. 2015) ................................................................ 13

*Kanter v. Warner-Lambert Co.*
   265 F.3d 853 (9th Cir. 2001) .................................................................. 14

*Kroske v. US Bank Corp.*
   432 F.3d 976 (9th Cir. 2005) ................................................................................ 16

*Lewis v. Verizon Communs., Inc.*
   627 F.3d 395 (9th Cir. 2010) ................................................................................. 15

*Longmire v. HMS Host USA, Inc.*
   2012 WL 5928485 (S.D. Cal. Nov. 26, 2012) ....................................................... 17

*Moppin v. Los Robles Reg'l Med. Ctr.*
   2015 WL 5618872 (C.D. Cal. Sept. 24, 2015) ...................................................... 13

*Muniz v. Pilot Travel Centers LLC*
   2007 WL 1302504 (E.D. Cal. Apr. 30, 2007) ................................................. 16, 17

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*
   526 U.S. 344 (1999) .............................................................................................. 11

*United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv.*
   *Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*
   549 F.3d 1204 (9th Cir. 2008) ............................................................................... 14

<u>Statutes</u>

28 U.S.C. § 1332 ................................................................................................... Passim

28 U.S.C. § 1441 .................................................................................................... 10, 12

28 U.S.C. § 1446 ........................................................................................ 10, 11, 12, 18

28 U.S.C. § 1453 ......................................................................................................... 14

Cal. Bus. & Prof. Code § 17200 ................................................................................. 11

Cal. Civ. Code § 1950.5 .............................................................................................. 11

Cal. Code Civ. Proc. § 382 ......................................................................................... 10

Cal. Code Civ. Proc. § 415.10 .................................................................................... 12

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant, Essex Property Trust, Inc. ("Essex") hereby removes the matter filed by Plaintiffs Alexis Norman and Nicolette Cochran ("Plaintiffs") in the case entitled *Alexis Norman, et al. v. Essex Property Trust, Inc., et al.*, pending in the Superior Court of California, County of San Diego, Case No. 37-2022-00038519-CU-NP-CTL, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446.

Removal is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. Sections 1332(d), 1441(b) and 1446, on the following grounds:

## I.

## STATUS OF PLEADINGS

1. On or about September 27, 2022, Plaintiffs filed a complaint in the San Diego Superior Court, entitled *Alexis Norman, et al. v. Essex Property Trust, Inc., et al.*, San Diego County Superior Court Case No. 37-2022-00038519-CU-NP-CTL (the "Complaint"). A true and correct copy of the Complaint is included with the state court file and attached hereto as **Exhibit A.**

2. Plaintiffs filed their Complaint as a putative class action under California Code of Civil Procedure § 382. *See* Compl. ¶ 265 ("Plaintiffs bring this action as a class action pursuant to California Civil Code of Procedure § 382 on behalf of themselves and all other similarly situated persons in the Classes…."). Section 382 is a California statute authorizing a matter to be brought by one or more representative persons as a class action.

3. Plaintiffs' Complaint asserts two causes of action against 193 defendants that it refers to as "Entity Defendants":[2] (1) unlawful retention of residential security deposits, violation of Cal. Civ. Code § 1950.5; and (2) restitution as a remedy for unfair competition, violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

4. On January 23, 2023, Plaintiffs served a copy of the Summons and Complaint on Essex. True and correct copies of the Summons and Complaint are attached hereto as **Exhibit B**.

5. No other defendants have appeared. The exhibits listed above constitute all prior pleadings and documents filed in the state court in this matter.

## II.

## TIMELINESS OF REMOVAL

6. Essex has timely filed this Notice of Removal as required by 28 U.S.C. § 1446(b).

7. The time for filing a Notice of Removal does not commence until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 374-48 (1999) (holding that the thirty-day window to remove does not commence until formal service of the summons and complaint is complete under state law); *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("the term 'service of process' is defined by state law."); Cal. Code Civ. Proc. § 415.10 ("A summons may

---

[2] *See* fn. 1; Compl. ¶¶ 13-257. While Plaintiffs contend that they are pursuing their action against 193 separate defendants (*see id.* ¶ 251), their caption only names 144 separate defendants.

be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.").

8. Here, the 30-day deadline to remove was triggered by Plaintiffs' January 23, 2023 service of the Summons and Complaint on Essex. *See* Exh. B. Accordingly, this Notice of Removal is timely.

## III.
## CLASS ACTION FAIRNESS ACT

9. CAFA was enacted on February 18, 2005. In relevant part, CAFA grants federal district courts original jurisdiction over class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs.

10. This Court has original jurisdiction over this matter under CAFA, which is codified in pertinent part in 28 U.S.C. §1332(d)(2). As detailed below, this action is removable under CAFA because: (1) Plaintiffs' putative class action contains at least 100 putative class members; (2) the defendant is not a state, state official, nor other governmental entity; (3) the aggregate amount in controversy exceeds $5,000,000; and (4) there is diversity of citizenship between at least one class member and one defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6); 332(d)(5)(B).

11. Under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) (A notice of removal "need not contain evidentiary submissions."). Rather, "[a] defendant's notice of removal need include only a plausible allegation that the jurisdictional facts exists." *Id.* at 554. Evidence is required "*only* when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added).

12. The United States Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 *broadly in favor of removal*…" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively"); *Bridewell-Sledge v. Blue Cross,* 798 F.3d 923 (9th Cir. 2015) (finding the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'"); *Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 WL 5618872, at *2 (C.D. Cal. Sept. 24, 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

### A. The Proposed Class Contains At Least 100 Putative Class Members and There Are No State or Government Defendants

13. In their Complaint, Plaintiffs allege that there are more than 100,000 putative class members in total. Compl. ¶ 277(a).

14. None of the defendants are states, or state or government entities. Compl. passim.

### B. Minimum Diversity Of Citizenship Exists Here

15. CAFA's minimum diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen; or (3) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1332(d).

16. For purposes of determining diversity, a person is deemed to be a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiffs claim to be residents and citizens of the state of California. Compl. ¶¶ 5-6. Plaintiffs, however, also acknowledge that at least one proposed plaintiff in the purported "Plaintiff Class" does not reside in California and is not a citizen of the state of California. *See* Compl. ¶ 252.

17. At least one defendant in this action is, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). For example, Plaintiffs allege that Defendant Oakbrook Company ("Oakbrook") is an Ohio limited partnership (Compl. ¶ 46) and that Defendant BEX II GP, LLC ("BEX II") is a Delaware Limited Liability Company. Compl. ¶ 211.

18. Regarding Essex, it is incorporated under the laws of Maryland and its principal place of business is in California. Accordingly, within the meaning of 28 U.S.C. § 1332(c)(1), Essex is a citizen of Maryland and California.

19. In accordance with the foregoing, the minimum diversity requirement under CAFA is satisfied because at least one defendant is a citizen of a state other than California.

20. No other defendants have appeared in this action. Even so, CAFA overrides the unanimous consent typically required for removal. *United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008) (stating that in a case with multiple defendants, Section 1453(b) entitles one defendant to remove the entire action).

### C. The Amount In Controversy Exceeds The $5,000,000 Requirement Under CAFA

21. Without making an admission of liability or damages with respect to any aspects of this case or the proper legal test(s) applicable to Plaintiffs' claims,

Plaintiffs' Complaint alleges that the amount in controversy exceeds CAFA's jurisdictional minimum.

22. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee*, 135 S.Ct. at 554. Moreover, a defendant need not set forth evidence establishing the amount in its notice of removal. *Id*. A defendant can establish the amount in controversy by "providing only a short and plain statement of the grounds for removal." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1225 (9th Cir. 2019); *see also Dart Cherokee*, 135 S. Ct. at 547 (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations").

23. "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe…") (*aff'd*, 631 F.3d 1010 (9th Cir. 2011)); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. Apr. 30, 2007) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

24. In the Ninth Circuit, the amount in controversy is determined "at the time of removal." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)); *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018).

25. Here, Plaintiffs allege that there are more than 100,000 members in the purported "Plaintiff Class" and that each member of the purported "Plaintiff Class" had at least $125 improperly deducted from his/her security deposit. Compl. ¶¶ 275, 277. Plaintiffs seek damages, restitution, and penalties, including a refund of unlawfully retained security deposits. Compl., Prayer for Relief. Accordingly, on its face, Plaintiffs' Complaint seeks more than **$12,500,000.00** in damages/restitution.

26. And while not necessary to meet CAFA's amount in controversy requirement, the Ninth Circuit has held that future attorneys' fees that are claimed, but not accrued at the time of removal, may also be considered. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Here, Plaintiffs seek attorneys' fees. Compl., Prayer for Relief ¶ 7.

27. Again, Essex makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiffs' claims. Nor does Essex waive its right to ultimately contest the proper amount of damages, restitution and/or fees due, if any, should Plaintiffs prevail with respect to any of their claims. However, for all of the forgoing reasons, the amount placed in controversy by Plaintiffs' Complaint is significantly greater than the jurisdictional minimum of $5,000,000 required by CAFA.

## IV.

## NOTICE TO PLAINTIFFS AND STATE COURT

28. Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of this filing will be served on Plaintiffs' counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the San Diego Superior Court.

29. In compliance with 28 U.S.C. Section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court are attached hereto as Exhibits A and B.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the San Diego Superior Court to this Court.

Dated: February 22, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Mark G. Rackers*
MARK G. RACKERS
ANNA JANE I. ZARNDT

Attorneys for Defendant
ESSEX PROPERTY TRUST, INC.